UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCHROEDER & TREMAYNE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 10-508-MJR-PMF |
| | ) |
| TV PRODUCTS (USA) INC., | ) |
| TV PRODUCTS LLC, | ) |
| and MENARD INC., | ) |
| | ) |
| Defendants. | ) |

## CONSENT JUDGMENT

**REAGAN, District Judge:**

This cause comes to be heard upon the Joint Motion of Plaintiff Schroeder & Tremayne Inc. ("S&T") and defendants TV Products (USA), Inc., and TV Products LLC, for entry of this Consent Judgment and Permanent Injunction.

### FACTS

1. S&T is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of Missouri with its principal place of business at 8500 Valcour, St. Louis, Missouri 63123.

2. TV Products (USA) Inc. is now, and at all times relevant to this action has been, a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 230 5th Avenue, New York, New York 10001.

3. TV Products LLC is now, and at all times relevant to this action has been, a limited liability corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 230 5th Avenue, New York, New York 10001.

4. Kishore M. Samtani, Nick Kurani, and Rohan Belani are directors and/or managers of TV Products Inc. who agree to be bound by the terms of this Consent Judgment.

5. All parties agree that this Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents and copyrights), 28 U.S.C. §1332 (diversity), and 28 U.S.C. § 1338(b) and § 1367(a) (supplemental jurisdiction).

6. All parties agree that this Court has personal jurisdiction over all defendants. All parties agree that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & 1400(b), as a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is the subject of the claim is situated, within the Southern District of Illinois.

7. On or about February 2, 2010, United States Patent No. D609,042 (the "042 Patent"), entitled DRYING MAT was duly and legally issued to Jeffrey G. Wilmsen and assigned to S&T. S&T has produced and sold its THE ORIGINAL brand dish drying mats employing the design of the '042 Patent.

8. S&T's THE ORIGINAL brand dish drying mats have been commercially successful in part based upon the patented design. S&T has marked its patented drying mats with the patent number of the '042 patent in compliance with 35 U.S.C. §287(a).

9. TV Products (USA) Inc. sold and/or offered to sell a drying mat product (hereafter, "TV Products Drying Mat") which S&T claims infringes the '042 Patent under one or more subsections of 35 U.S.C. § 271. The table below shows one of the drawings of the '042 Patent on the left and the TV Products Drying Mat on the right.

| '042 Patent drawing | TV Products Drying Mat |
|---|---|



10. In furtherance of settlement and resolution of this action, TV Products (USA) Inc. has made representations under penalty of perjury regarding the TV Products Drying Mats that have been manufactured, sold, or offered for sale in the United States; the manufacturer of the TV Products Drying Mat; and all retailers and prospective resellers to whom the TV Products Drying Mat has been presented.  TV Products (USA) Inc. represents and warrants to S&T that the information contained in those declarations is true, accurate, complete, and non-misleading, and they understand that S&T is relying on it in entering into the settlement reflected in this Consent Judgment.

## JUDGMENT AND RELIEF

WHEREFORE, pursuant to the stipulation and agreement of all parties to this action, as shown by the signatures of their counsel below, TV Products (USA) Inc., TV Products LLC, Kishore M. Samtani, Nick Kurani, and Rohan Belani, agree and the Court hereby orders as follows:

A. Judgment is entered in favor of S&T and against TV Products (USA) Inc. and TV Products LLC on Plaintiff's Complaint.

B. TV Products (USA) Inc. and TV Products LLC acknowledge the validity of the '042 Patent.

    C. TV Products (USA) Inc. and TV Products LLC, and the officers, agents, franchisees, servants, affiliates, employees, attorneys and representatives, of each of them, including Kishore M. Samtani, Nick Kurani, and Rohan Belani, and all those in privity or acting in concert with any of them, are hereby enjoined and restrained from directly or indirectly:

    (1) Making, selling, offering for sale, or importing into the United States, the TV Products Drying Mat, or any equivalent product that, like the TV Products Drying Mat, uses the design of the '042 Patent, or

    (2) Claiming "superior absorbency" with respect to any drying mat product that does not in fact provide for absorbency that is verifiably superior to that of a leading competitive product.

    C. In view of the agreement of TV Products (USA) Inc. and TV Products LLC to the injunctive terms herein, no damages are included in this Consent Judgment.

    D. Each party shall bear its own costs and attorneys fees herein.

    E. This Court shall retain jurisdiction for the purpose of enabling any party to this Consent Judgment to apply to the Court at any time for the enforcement of the provisions herein and/or for the punishment of a violation of the Consent Judgment (which may include imposition of damages for past infringement). This Consent Judgment shall be governed by the laws of the State of Illinois (other than choice of law rules).

    F. The Court enters this consent judgment by agreement of the parties and without ruling on the merits of the claim.

IT IS SO ORDERED.

DATED this 29th day of September, 2010

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge